IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Melissa Hubbell, | : | CIVIL ACTION |
|  | : | No. |
| Plaintiff, | : |  |
|  | : | TRIAL BY JURY DEMANDED |
| v. | : |  |
|  | : |  |
| City of York | : |  |
| 101 South George Street | : |  |
| York, PA 17401 | : |  |
|  | : |  |
| & | : |  |
|  | : |  |
| Police Officers John Doe | : |  |
| 50 West King Street | : |  |
| York, PA 17401, | : |  |
|  | : |  |
| Defendants. | : |  |

**CIVIL ACTION COMPLAINT**

Plaintiff Melissa Hubbell, by and through her attorney, Laura Zipin, Esquire, hereby alleges the following:

**PARTIES**

1.  Plaintiff is an adult resident of Pennsylvania who lives at 345 E. Springettsbury Ave, York, PA 17403.

2.  Defendant City of York is a municipal government organized under the laws of the Commonwealth of Pennsylvania, with a principal business address of 101 South George Street, York, PA 17401. The City of York operates the York City Police Department, located at 50 West King Street, York, PA 17401.

3.  Defendants Police Officers John Doe are believed to be adult citizens of Pennsylvania. Defendants Doe are being sued in both their individual and official capacities. Defendants Doe

1

have a business office at York City Police Department, located at 50 West King Street, York, PA 17401.

4. At all times material hereto, Defendants Doe acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of York City.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. § 1983.

6. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

## FACTUAL BACKGROUND

7. Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

8. On or about July 9, 2024, Plaintiff was lawfully present at her home, located at 345 E. Springettsbury Ave, York, PA 17403.

9. On that same date, Plaintiff's daughter's ex-boyfriend arrived at Plaintiff's house and began to cause a disturbance.

10. Plaintiff called Defendant York City Police Department to handle the disturbance.

11. Defendant Doe and his partner, the second Defendant Doe, arrived at the house and left shortly afterwards.

12. Twenty minutes later, Defendant Doe and his partner returned to the scene.

13. Instead of helping Plaintiff, Defendant Doe began to harass Plaintiff while she was in her car in her carport.

Levin & Zeiger LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340

14. Defendant Doe asked Plaintiff what her problem was and demanded she show him identification.

15. Plaintiff was on her way to work and told him she had to leave.

16. In response, Defendant Doe jumped into the carport, dragged Plaintiff out of her car, and slammed her into a wall, twisting her ankle and injuring her shoulder.

17. Defendant Doe did not handcuff Plaintiff or tell her she was under arrest.

18. When Plaintiff asked Defendant Doe for medical care, he refused to help her and refused to let her leave.

19. Plaintiff asked Defendant Doe's partner for help, but his partner remained silent.

20. Defendant Doe and his partner did not display their names or badge numbers, and refused to tell Plaintiff their names when she asked.

21. As a result of Defendant Doe's assault on her, Plaintiff suffered a severe ankle sprain and a shoulder injury.

22. As a result of the assault, Plaintiff had to wear a shoulder sling for about one week and an ankle boot for about four weeks.

23. Plaintiff completed a physical therapy program for her shoulder and continues to do the recommended exercises at home.

24. Despite this treatment, Plaintiff continues to experience pain in her shoulder, and uses a heat pad and Gabapentin or Tylenol to ease the ongoing pain and discomfort.

25. Plaintiff is a home care worker and missed several weeks of work due to her injuries; even months later, she can work only part-time and can handle only light cases with no heavy lifting.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

26.     Since being assaulted by Defendant Doe, Plaintiff has also experienced ongoing anxiety and nightmares; she is also now so terrified of City of York police officers that she is seeking to move outside of the city.

27.     Plaintiff was never charged with any criminal offenses based on this incident.

28.     The City of York has a history of police misconduct and excessive force, including the following cases:

  a. *Ezeibe v. City of York*, et al., 19-cv-189 (City of York police officers unreasonably pointed firearms at plaintiff and used excessive force against him);

  b. *Bair v. Craven*, et al., 18-cv-937 (City of York police officer used excessive force against plaintiff while several other officers failed to intervene);

  c. *Eberhardinger v. City of York, et al.*, 16-cv-2481 (City of York police officers unreasonably used deadly force against plaintiff).

29.     Defendants Doe were not adequately trained and/or supervised on how to handle non-criminal interactions with the public in the City of York.

30.     Defendant City of York's failure to train and supervise was the direct cause of Plaintiff's injuries in this case.

### COUNT I: VIOLATION OF 42 U.S.C. § 1983
### PLAINTIFF v. ALL DEFENDANTS

31.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

32.     Defendants' actions were undertaken as a part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

33.     Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. § 1983, and have deprived Plaintiff of her rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including her right to bodily integrity and her right to be free from illegal seizure.

34.     Defendants also violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution by illegally seizing her person and using excessive force against her.

35.     On information and belief, Defendants' aforesaid actions were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to Plaintiff. Defendants' actions as stated herein denied Plaintiff's rights in violation of the United States Constitution and 42 U.S.C. § 1983.

36.     Defendants also conspired to deprive Plaintiff of her due process right of access to the courts by concealing their identities and the identities of any unknown parties related to this action.

37.     As a direct and proximate cause of Defendants' actions, Plaintiff suffered substantial damages and harm.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit and brings this action to recover same.

### COUNT II:  EXCESSSIVE FORCE – 42 U.S.C. § 1983
### PLAINTIFF v. DEFENDANTS DOE

38.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

39.	Plaintiff believes and therefore avers that the amount of force used against her was unnecessary and unreasonable under the circumstances.

40.	While one Defendant Doe used excessive force against Plaintiff, the other Defendant Doe took no reasonable steps to protect Plaintiff, despite being in a position and having a duty to do so.

41.	Plaintiff believes and therefore avers that Defendants Doe have by the aforementioned actions deprived Plaintiff of her constitutional and statutory rights.

42.	Defendants Doe's actions were a factual and/or proximate cause of Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees and allowable costs of suit and brings this action to recover same.

### COUNT III: CONSPIRACY TO DEPRIVE PLAINTIFF OF HER DUE PROCESS RIGHT OF ACCESS TO THE COURTS – 42 U.S.C. § 1983
### PLAINTIFF v. DEFENDANTS DOE

43.	Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

44.	Defendants conspired to deprive Plaintiff of her due process right of access to the courts by concealing their true identities and the identities of any unknown parties related to this action.

45.	Defendants' actions were the factual and/or proximate cause of Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees and allowable costs of suit and brings this action to recover same.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

## COUNT IV: *MONELL* CLAIM – 42 U.S.C. § 1983
## PLAINTIFF v. DEFENDANT CITY OF YORK

46.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

47.     Defendant City of York, through its police department, established, knew of, and acquiesced to policies, procedures, and customs that Defendants knew or should have known would lead to violations of citizens' constitutional rights.

48.     Defendant City of York, through its police department, did not properly establish a policy regarding if and when officers may use force during non-criminal interactions with the public in the City of York.

49.     Defendant City of York, through its police department, maintained a custom of not properly training and/or supervising its officers regarding the use of force against civilians who are not suspected of any unlawful conduct.

50.     Defendant City of York, through its police department, maintained a custom of not displaying the names and badge number of police officers, intentionally preventing citizens from exercising their due process right of access to the courts.

51.     Defendant City of York knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff; Defendant City of York deliberately, knowingly, and intentionally failed to take measures to stop or limit the policy, custom, or practice, and therefore acquiesced in the aforementioned unconstitutional conduct and policy.

52.     By remaining deliberately indifferent to the systemic abuse and by failing to take action to stop or limit the policy, custom, or practice, Defendant City of York acquiesced in and

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

perpetrated the policy in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and the laws of the Commonwealth of Pennsylvania.

53.     The conduct of Defendant City of York and/or the conduct of its employees, agents, or policymakers, were a factual or proximate cause of the harm and damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) together with delay damages, interest, costs, attorney's fees, and declaratory and injunctive relief.


January 21, 2025                                                          Respectfully submitted,
DATE

                                                                          /s/ Laura Zipin
                                                                          LAURA ZIPIN, ESQUIRE
                                                                          Pa. ID No. 324914

                                                                          /s/ Brian J. Zeiger
                                                                          BRIAN J. ZEIGER, ESQUIRE
                                                                          Pa. ID No. 87063

                                                                          Levin & Zeiger, LLP
                                                                          Two Penn Center
                                                                          1500 JFK Blvd, Suite 620
                                                                          Philadelphia, PA 19102
                                                                          (215) 546-0340